UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

LORENZO WOOD,

                              Plaintiff,              9:21-CV-0107
                                                      (GTS/ML)
            v.

DANIELLE DILL, et al.,

                              Defendants.
_____

APPEARANCES:

LORENZO WOOD
Plaintiff, pro se
Twins Motel
921 State Street
Apt. 10
Schenectady, NY 12307

HON. LETITIA JAMES                    LAUREN ROSE EVERSLEY, ESQ.
New York State Attorney General       Ass't Attorney General
Attorney for Defendants
The Capitol
Albany, NY 12224

GLENN T. SUDDABY
Chief United States District Judge

## DECISION and ORDER

## I.    INTRODUCTION

Plaintiff Lorenzo Wood commenced this action by filing a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 ("Section 1983"), together with an application for leave to proceed in forma pauperis and a motion for appointment of counsel.  Dkt. No. 1 ("Compl."); Dkt. No. 2 ("IFP Application"); Dkt. No. 3 ("First Motion for Counsel").  By Decision and Order entered on March 29, 2021, plaintiff's IFP Application was granted, and following review of

the complaint in accordance with 28 U.S.C. § 1915(e)(2)(B), the Court found that plaintiff's

Fourteenth Amendment claims against defendants Saxe, Dill, Saxton, Provow, Nowicki, and

McCulloch survived sua sponte review and required a response.  Dkt. No. 4 ("March 2021

Order") at 21.  The Court also dismissed plaintiff's Section 1983 claims for monetary relief

against the named defendants in their official capacity with prejudice as barred by the

Eleventh Amendment, dismissed plaintiff's remaining Section 1983 claims without prejudice

for failure to state a claim upon which relief may be granted, and denied the Motion for

Counsel without prejudice.  *Id*. at 21-22.  Thereafter, summonses were issued, and

acknowledgments of service were filed on behalf of defendants Saxe, Dill, Saxton, Provow,

Nowicki, and McCulloch.  *See* Dkt. Nos. 7, 8.

　　　　Following the completion of service, plaintiff filed a request for injunctive relief.  Dkt.

No. 12 ("Motion for Injunctive Relief").[1]  Defendants opposed plaintiff's request, and plaintiff

submitted a reply to the opposition.  Dkt. No. 13 ("Opposition"); Dkt. No. 17 ("Reply").  By

Decision and Order entered on July 12, 2021, this Court denied the Motion for Injunctive

Relief without prejudice.  Dkt. No. 18 ("July 2021 Order").  Thereafter, counsel filed an

answer on behalf of the defendants, and a Mandatory Pretrial Discovery and Scheduling

Order was issued.  Dkt. No. 19 ("Answer"); Dkt. No. 20 ("Scheduling Order").[2]

　　　　Presently before the Court are the following: (1) plaintiff's motion for reconsideration of

---

[1]  Plaintiff's motion sought to enjoin defendant Saxe from (1) requiring him to sit in chairs that cause him "server [sic] pain and spinal disorder[,]" (2) "making obsene [sic] faceal [sic] justures [sic]" and "laughing and insulting comments[,]" and (3) "writing untruthful comments" in his "facility reports and records[.]"  *See* Motion for Injunctive Relief.

[2]  Plaintiff filed a reply to the answer.  Dkt. No. 23.  The Court did not order a reply from plaintiff, and the answer does not include any counterclaims.  Thus, the reply was inappropriate and has no legal effect.  *See* Fed. R. Civ. P. 7(a).

the March 2021 Order and the July 2021 Order, Dkt. No. 21 ("Motion for Reconsideration");[3] and (2) plaintiff's second motion for appointment of counsel, Dkt. No. 24 ("Second Motion for Counsel").  Defendants have opposed the Motion for Reconsideration.  Dkt. No. 22.

## II.   MOTION FOR RECONSIDERATION

A court may justifiably reconsider its previous ruling if: (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice. *Delaney v. Selsky*, 899 F. Supp. 923, 925 (N.D.N.Y. 1995) (McAvoy, C.J.) (citing *Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir. 1983)).  The standard for granting a motion for reconsideration is strict.  *Shrader v. CSX Transportation, Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).  A motion for reconsideration "should not be granted where the moving party seeks solely to relitigate an issue already decided." *Id.*[4] Thus, a motion for reconsideration is not to be used for "presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998).

Plaintiff does not suggest that there has been an intervening change in the controlling law, nor has he presented new evidence which was not previously available.  Rather, plaintiff contends that the Court erred in dismissing certain claims in the March 2021 Order, and in

---

[3] Although plaintiff's motion is captioned as a "Reply To [the] Decision And Order Dated July 12, 2021[,]" plaintiff appears to argue that the Court also erred in dismissing certain claims in the March 2021 Order.  *See* Motion for Reconsideration at 1, 3.  Thus, out of an abundance of solicitude, the Court has construed plaintiff's submission as seeking reconsideration of the March 2021 Order and the July 2021 Order.

[4] Generally, motions for reconsideration are not granted unless "the moving party can point to controlling decisions or data that the court overlooked - matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader*, 70 F.3d at 257.

denying his Motion for Injunctive Relief, and recites new factual information that was not included in either the complaint or Motion for Injunctive Relief. *See generally*, Motion for Reconsideration.

After thoroughly reviewing plaintiff's motion, and affording his request due consideration in light of his status as a pro se litigant, the Court finds that plaintiff presents no basis for reconsideration of either the March 2021 Order or the July 2021 Order. Based upon a review of the relevant law and its application to the facts of this case, the Court concludes that its previous decisions were legally correct and did not work a manifest injustice.

For the sake of clarity, however, the Court will make a few brief points. First, contrary to plaintiff's contention, a report issued by the New York State Office of Mental Health, Commission on Quality Care on March 13, 2013, regarding wrongdoing by staff at the Central New York Psychiatric Center ("CNYPC") would not constitute a waiver of Eleventh Amendment immunity with respect to the official capacity claims asserted in the original complaint. *See, e.g., Brooks v. Hogan*, No. 9:15-CV-0090 (BKS/TWD), 2016 WL 11662110, at *3 (N.D.N.Y. Feb. 24, 2016) ("[I]nsofar as plaintiff seeks an award of money damages pursuant to Section 1983 against the OMH and CNYPC defendants in their official capacities, . . . those claims are barred by the Eleventh Amendment and are hereby dismissed with prejudice pursuant to 28 U.S.C. § 1915A(b)."). Second, because plaintiff has been released from CNYPC, *see* Dkt. No. 26, his request for injunctive relief is now moot. *See Salahuddin v. Coughlin*, 993 F.2d 306, 307 n.2 (2d Cir. 1993) ("Because he has been released, Salahuddin's request for injunctive and declaratory relief is moot."); *Muhammad v.*

4

*City of New York Dep't. of Corr.*, 126 F.3d 119, 123 (2d Cir. 1997) (same).  Third, insofar as plaintiff would like for the Court to consider new claims that were not asserted in the original complaint, and/or any of the new factual information detailed in the Motion for Reconsideration in support of any of the Section 1983 claims that were dismissed without prejudice in the March 2021 Order, plaintiff must amend his complaint.[5]

## III.    SECOND MOTION FOR COUNSEL

In his Second Motion for Counsel, plaintiff states that appointment of counsel is warranted because he is unable to afford counsel on his own, is a "layman" of the law, and has no access to law books or a law library at CNYPC.  *See* Motion for Counsel at 1-2.[6] Plaintiff also identifies several attorneys that he allegedly asked to represent him, to no avail. *Id*. at 3-4.

The legal standard governing motions for appointment of counsel was discussed at length in the March 2021 Order, and will not be restated herein.  *See* March 2021 Order at 19-20.

As was the case when this Court denied plaintiff's First Motion for Counsel, the main facts upon which this Court may base its decision as to whether this lawsuit is of substance are still those portions of the complaint wherein plaintiff states the facts surrounding his claims.  In other words, plaintiff has once again provided the Court with only allegations relating to his claims.  Thus, plaintiff has failed to meet the threshold requirement imposed by

---

[5]  Plaintiff appears to contend that the Court erred in not "allow[ing] [his] First Amentment [sic] claim [to] survive sua review[.]"  *See* Motion for Reconsideration at 3.  The March 2021 Order, however, did not address any First Amendment claims because the complaint was only construed to assert Fourteenth Amendment claims.  *See* March 2021 Order at 7-8.

[6]  The Motion for Counsel was filed before plaintiff was released from CNYPC custody.

the Second Circuit relative to applications seeking appointment of pro bono counsel.  *See* *Harmon v. Runyon*, No. 96-CV-6080, 1997 WL 118379, at *1 (S.D.N.Y. Mar. 17, 1997)*.*

Moreover, even if the Court were to assume that this case may be of substance, the dispute is limited to plaintiff's Fourteenth Amendment medical indifference claims, which relate to medical treatment and accommodations, or lack thereof, in and after July, 2018, while plaintiff was housed at CNYPC.  *See* Complaint at 5-10, 12-14, 16-18, 23-24.  These claims do not appear to present overly complex issues, and the Court has no reason to conclude that plaintiff is unable to present his case, particularly because he has been released from CNYPC and presumably has access to public libraries.  In addition, defendants' initial disclosures, which plaintiff should have recently received, *see* Dkt. No. 25, will likely help him frame the issues in the case and investigate the "crucial facts" through discovery demands, without the need for counsel.

In short, the Court is not aware of any special reason why appointment of counsel at this time would be more likely to lead to a just determination of this litigation.  Furthermore, if this case proceeds to trial, it is highly probable that counsel will be appointed for plaintiff.

Based on the foregoing, the Court finds that appointment of counsel is unwarranted at this time.  Plaintiff may file another motion for appointment of counsel in the event he is able to demonstrate that, in light of specific changed circumstances, consideration of the above factors warrants granting the application.  Plaintiff, however, is cautioned that repetitive unsubstantiated filings which unnecessarily burden the Court may result in the imposition of sanctions.

## IV.    CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's Motion for Reconsideration (Dkt. No. 21) of the March 2021

Order (Dkt. No. 4) and the July 2021 Order (Dkt. No. 18) is **DENIED**; and it is further

**ORDERED** that plaintiff's Second Motion for Counsel (Dkt. No. 24) is **DENIED without**

**prejudice** as set forth above; and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on the parties.

**IT IS SO ORDERED.**

Dated: October 7, 2021
      Syracuse, NY

Hon. Glenn T. Suddaby
Chief U.S. District Judge