**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

LORENZO WOOD,

                Plaintiff,

v.                                        9:21-cv-107 (ECC/ML)

CYNTHIA PROVOW,

                Defendant.

---

Lorenzo Wood, *pro se Plaintiff*
Olivia Cox, *Asst. Attorney General, for Defendants*

**Hon. Elizabeth C. Coombe, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I.      INTRODUCTION

On January 29, 2021, Lorenzo Wood (Plaintiff) brought this action under 42 U.S.C. § 1983 against Cynthia Provow (Defendant), alleging medical indifference.[1] Dkt. No. 1. On June 25, 2025, the jury returned a verdict finding that Plaintiff had failed to prove his claim by a preponderance of the evidence. Dkt. No. 121. On June 26, 2025, the Court entered a judgment in accordance with the verdict. Dkt. No. 122.

Presently before the Court is Defendant's motion for a Bill of Costs pursuant to Rule 54(d) of the Federal Rules of Civil Procedure (Rule 54(d)), seeking a total of $1,914.86 in costs associated with defending this action. Dkt. No. 124 (the Motion).[2] Plaintiff did not file an opposition.

---

[1] The Complaint named additional defendants, but only the claim against Provow proceeded to trial.

[2] Unless otherwise noted, citations are to the pagination generated by CM/ECF docketing system.

For the following reasons, Defendant's Motion is granted.

## II.    STANDARD OF REVIEW

"Pursuant to Rule 54(d)(1), only costs other than attorney's fees should be allowed . . . to the prevailing party unless the court directs otherwise." *Sacco v. Daimler Chrysler Corp.*, No. 05-cv-1435, 2008 WL 2858652, at *1 (N.D.N.Y. July 22, 2008) (quoting Rule 54(d)(1) (quotation marks omitted)). The costs that may be awarded are only those "authorized by statute or contract." *Gallagher v. IBEW Local Union No. 43*, No. 5:00-cv-1161, 2008 WL 5191691, at *1 (N.D.N.Y. Dec. 10, 2008). The relevant statute, 28 U.S.C. § 1920, states:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

"In addition, because Rule 54(d) allows costs 'as of course,' such an award against the losing party is the normal rule obtaining in civil litigation, not an exception." *Whitfield v. Scully*, 241 F.3d 264, 270 (2d Cir. 2001) (citing Rule 54(d) and *Mercy v. County of Suffolk,* 748 F.2d 52, 54 (2d Cir. 1984), *abrogated on other grounds*, *Bruce v. Samuels*, 577 U.S. 82 (2016). "For this reason, the losing party has the burden to show that costs should not be imposed; for example, costs may be denied because of misconduct by the prevailing party, the public importance of the case, the difficulty of the issues, or the losing party's limited financial resources." *Id.* (citations omitted). "The decision to award costs to a prevailing party under Rule 54(d)(1) rests within the

sound discretion of the district court." *McEachin v. Goord,* No. 9:01-cv-0259, 2007 WL 1571981, at *1 (N.D.N.Y. May 25, 2007) (citation omitted).

### III.    DISCUSSION

#### A.  Witness Fees

Defendant seeks $181.40 for witness fees for one non-party witness who testified at trial, Nurse Practitioner Kristen Deep.  Dkt. No. 124 at 3.   Defendant seeks the statutory witness attendance fee of $40.00 for one day of testimony.  *See* 28 U.S.C. § 1821(b); *see also New Skete Farms, Inc. v. Murray*, No. 1:06-cv-486 (GLS/RFT), 2009 WL 10680320, at *3 (N.D.N.Y. Apr. 3, 2009) ("A prevailing party may recover its witness costs at a rate of $40 for each day the witness gave testimony at a trial or deposition.").

Defendant also seeks $141.40 for mileage, and they calculated the mileage at the GSA rate of $0.70 per mile.[3]  *See* 28 U.S.C. § 1821(c)(2).  Accordingly, Defendant's request for costs in the amount of $181.40 for witness fees is granted.  *See* United States District Court for the Northern District of New York (N.D.N.Y) Guidelines for Bills of Costs §§ II(F)(1)(a)-(c), (e).

#### B.  Transcript Fees

Defendant seeks $927.96 in costs for Plaintiff's January 13, 2022 deposition transcript. Dkt. No. 124 at 4.  "Generally speaking, the reasonable costs of transcribing depositions are properly taxed in favor of the prevailing party."   *Green v. Venettozzi*, No. 9:14-cv-1215 (BKS/CFH), 2019 WL 4508927, at *1 (N.D.N.Y. Sept. 19, 2019) (citation omitted).  Here, where "Plaintiff testified at trial, the deposition transcript was necessary in order to cross-examine him

---

[3] Defendants calculated a round trip to the James T. Foley U.S. Courthouse, 445 Broadway, Albany, NY 13261, from Central New York Psychiatric Center.  *See POV Mileage Rates (Archived)*, United States General Services Administration, effective January 1, 2025, https://www.gsa.gov/travel/plan-book/transportation-airfare-pov-etc/privately-owned-vehicle-mileage-rates/pov-mileage-rates-archived (last visited March 16, 2026).

(or to be prepared to do so)." *Yunus v. Jones,* No. 9:15-cv-1282 (GTS), 2020 WL 3026238, at *3 (N.D.N.Y. June 5, 2020).  Accordingly, Defendant's request for costs in the amount of $927.96 for transcript fees is granted.  *See* N.D.N.Y Guidelines for Bills of Costs §§ II(D)(1)(c)-(d).

### C.  Exemplification and Copying Fees

Defendant seeks $785.50 in costs for printing and copying discovery documents to produce to Plaintiff, reflecting 1,571 pages at a cost of 50¢ per page.  Dkt. No. 124 at 4; *see also* N.D.N.Y Guidelines for Bills of Costs §§ II(H)(1)(a), (e), (g).  "Courts interpret [28 U.S.C. § 1920(4)] to include photocopying charges for discovery." *Encarnacion v. Spinner*, No. 915-cv-1411 (BKS), 2023 WL 2785745, at *7 (N.D.N.Y. Apr. 5, 2023) (quoting *Green v. Venettozzi*, No. 14-cv-1215, 2019 WL 4508927, at *2 (N.D.N.Y. Sept. 19, 2019)).  Defendant "provided sufficient information regarding the purpose of the copies" and these copies were "necessary [as they] relate to the 'initial disclosure requirements.'" *Id*. (quoting *Green*, 2019 WL 4508927, at *2).  Defendant's request for costs in the amount of $785.50 for printing and copying is therefore granted.

### D.  Docket Fees

Defendant's request for $20.00 in docket fees is granted.  Dkt. No. 124 at 1; *see also* 28 U.S.C. § 1923(a); N.D.N.Y Guidelines for Bills of Costs §§ II(I)(a).

## IV.    CONCLUSION

For these reasons, it is

**ORDERED** that the Motion for Bill of Costs, Dkt. No. 124, is **GRANTED**; and it is further

**ORDERED** that the Clerk serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: March 26, 2026

Elizabeth C. Coombe
U.S. District Judge

4